IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

COLONY INSURANCE COMPANY,        )
                                                              )
                Plaintiff,                          )
                                                              )
vs.                                                       )        CASE NO.  3:07-CV--1044-TFM
                                                              )
FLOYD'S PROFESSIONAL TREE            )
SERVICE, DUSTIN A. FLOYD, and         )
JUNE C. BRAND,                             )
                                                              )
                Defendants.                    )

## MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO ABSTAIN

COMES NOW June C. Brand, Defendant in the above-styled cause, and files this Motion

to Dismiss or in the Alternative Motion to Abstain.  As grounds for so moving, the Defendant

states the following:

### LEGAL STANDARD

The Eleventh Circuit has held that, "...it has long been recognized in this Circuit that a

district court has discretion to 'decline to entertain a declaratory judgment action on the merits

when a pending proceeding in another court will fully resolve the controversy between the

parties.'" *Ven-Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194, 1195 (11th Cir.1982).  In

addition, the United States District Court for the Southern District of Alabama has held that the

Supreme Court opined that, "...it would be both 'uneconomical' and 'vexatious' for a federal

district court to proceed with a declaratory judgment action, concurrently with ongoing

proceedings involving the same parties and same legal issues (not arising out of federal law) in

state court." *Lexington Ins. Co. v. Rudolph F. Rolison, Sr., et al.,* 434 F. Supp. 2d 1228, at 1233

(S.D. Ala. 2006) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 20 (1942).

The Eleventh Circuit expounded on the *Ven-Fuel* holding in its opinion in the *Ameritas Variable Life Ins. Co. v. Roach*, case. 411 F.3d 1328 (11th Cir. 2005). In its *Ameritas* opinion, the Eleventh Circuit the following should be considered in declaratory judgment actions: considerations of federalism, comity, and efficiency, stating that these considerations "require district courts to balance federal and state interests in determining how to exercise their discretion to hear a declaratory judgment action in the face of a parallel state action." *Id.*, at 1330-31. The *Ameritas* court also established guideposts to assist courts in their balancing. The guideposts, which were not exclusive or exhaustive, included: the state's interest in deciding the matter; whether a judgment in the federal action would completely resolve the controversy; whether the declaratory judgment action would clarify the parties' legal relations; whether the federal action is a form of 'procedural fencing' being utilized "to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable;" whether a ruling in the declaratory judgment action would increase friction between federal and state courts or otherwise encroach on state proceedings; whether a superior alternative remedy exists; whether underlying facts are important to informed resolution of the matter; whether the state court is better situated than the federal court to evaluate those facts; and the nexus between the underlying issues and state law/policy, and whether federal common or statutory law requires resolution of the declaratory action. *See id.* at 1331.

The considerations of the *Ameritas* court have been used by other appellate courts. *See, e.g., Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.1998) (federal court "should discourage litigants from filing declaratory actions as a means of forum shopping; and it

should avoid duplicative litigation"); *Mitcheson v. Harris,* 955 F.2d 235, 237-39 (4th Cir.1992) (citing reasons to dismiss declaratory actions the philosophy of judicial federalism, as well as equally important pragmatic concerns of efficiency and comity).

## ANALYSIS

The above-styled cause should be dismissed or in the alternative, the court should abstain, because of the previously filed pending state court case concerning the same issues and parties. The pending state court case was filed prior to the above-styled cause and concerns the same issues in controversy and parties. The state court case involves claims arising out of an automobile accident in Tallapoosa County, Alabama involving the parties in the above-styled cause. The claims brought in the state court action include, but are not limited to: negligence, wantoness, and indemnity. As such, the claims brought by the parties in the state court case are purely state law claims and the state court has jurisdiction to hear and resolve these claims.

A ruling in the above-styled cause would be *res judicata* and preclude the state court from being able to properly adjudicate the pending state court action involving the same issues and parties as the instant matter. To allow this to happen would be to provide the Plaintiff in the above-styled cause to have a federal hearing in a case that would not otherwise be removable. The Plaintiffs in the state court case would be prejudiced by a ruling in the above-styled cause as they are not afforded an alternative remedy for their injuries.

Furthermore, a ruling in the above-styled cause would increase friction between federal and state courts and also encroach on state proceedings. The parties have already expended attorney fees and costs associated with the state court case. Litigation is ongoing and discovery pending in the state court case. To mandate that the parties litigate and defend the same issues in

both federal court and state court concurrently is wholly prejudicial and could potentially lead to previous claims that have been raised in state court ultimately being precluded.

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss or in the alternative, abstain from ruling on the above-styled cause.

Respectfully submitted, this *19* day of March, 2008.

Derrick Blythe
Counsel for the Defendant, June Brand
126 Marshall Street
Alexander City, Alabama 35010

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing to the following by mailing a copy of the same, United States mail, postage prepaid at the addresses below:

Floyd's Professional Tree Service
1776 Elder Road
Dadeville, AL 36853

Dustin A. Floyd
1776 Elder Road
Dadeville, AL 36853

Blake L. Oliver, Esq.
Adams, Umbach, Davidson & White
P.O. Box 2069
Opelika, AL 36803

This the _19_ day of March, 2008.

OF COUNSEL