**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**FLOYD'S PROFESSIONAL TREE** )<br>**SERVICE, DUSTIN A. FLOYD, and JUNE C.** )<br>**BRAND,** )<br>)<br>    **Defendants.** ) | **CASE NO. 3:07-CV-01044- TFM** |

**COLONY INSURANCE CO.'s OPPOSITION TO JUNE C. BRAND's MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO ABSTAIN**

COMES NOW, Colony Insurance Company ("Colony"), Plaintiff in the above-styled cause and in opposition to June C. Brand's ("Brand") Motion to Dismiss or in the alternative Motion to Abstain says and states as follows:

**I. THIS ACTION AND THE STATE COURT ACTIONS DO NOT CONCERN THE SAME PARTIES AND ISSUES.**

Colony filed this action seeking a declaratory judgment from this Court pursuant to 28 U.S.C. § 2202. (*See* Doc. 1). Specifically, Colony contends that there is no insurance coverage for its insured, Floyd's Professional Tree Service, in three state court actions currently pending in the Circuit Court of Tallapoosa County, Alabama. Brand is a defendant and cross-claim plaintiff in one of those state court actions. (*See* Doc 1-3). All of the state court actions concern an automobile accident. (*See* Doc 1). Colony is not a party to any of the state court actions. (*See* Docs. 1-2, 1-3, 1-4).

Brand argues in her Motion to Dismiss or in the Alternative Motion to Abstain

("Motion to Dismiss") that this action should be dismissed or, in the alternative, that this Court should abstain from hearing the arguments in this action because there is a pending state court case "concerning the same issues and parties." (*See* Doc. 13, p. 3). This factual assertion by Brand is entirely incorrect.

First, Colony is not a party to any of the pending state court actions. (*See* Docs. 1-2, 1-3, 1-4). Second, the state court action does not concern the "same issues and controversy" as asserted by Brand. The action before this Court concerns the sole issue of Colony's duty to defend and indemnify its insured in the state court actions. The issues in the state court actions involve negligence and wantonness claims concerning an automobile accident. Based on the foregoing, Brand's assertion that there is a pending state court case involving the "same issues and parties" could not be more incorrect. Therefore, her Motion to Dismiss is due to be denied.

## II.  A RULING BY THIS COURT WOULD NOT BE *RES JUDICATA* IN THE STATE COURT ACTIONS.

Brand next argues that a ruling in this action would be *res judicata* and "preclude the state court from being able to properly adjudicate the pending state court action involving the same issues and parties as the incident matter." (*See* Doc. 13, p. 3). In support of this argument, Brand states that allowing this action to proceed would provide Colony with a federal hearing in a case that would not otherwise be removable. However, Brand again confuses the parties and issues in this action and those in the state court actions. In order for a judgment to be *res judicata,* "(1) the prior judgment must have been rendered by a court of competent jurisdiction; (2) the judgment must have been rendered on the merits; (3) the cause of action must be identical; and (4) the parties or those in privity with them must be substantially identical." *See Campbell v. Campbell*, 561 So. 2d 1060, 1061 (Ala. 1990).

Brand's argument that a judgment by this Court in this action would be *res judicata* in the state court actions is incorrect because the third and fourth elements of *res judicata* cannot be satisfied. First, as previously stated, the parties in this action are not identical to those in the state court actions. Second, the causes of action in the state court actions are negligence and wantonness concerning an automobile accident and this action is brought pursuant to 28 U.S.C. § 2202 on the sole issue of whether Colony has a duty to defend and indemnify its insured in the state court actions. (*See* Docs. 1, 1-2, 1-3, 1-4). Therefore, a ruling by this Court would not be *res judicata* as the causes of action asserted in the two cases are not identical, which is a requisite of *res judicata*. *See Campbell*, 561 So. 2d. at 1061.

### III. A RULING BY THIS COURT WOULD NOT ENCROACH ON THE STATE COURT PROCEEDINGS.

Brand's final argument in support of her Motion to Dismiss is that a ruling in this case would create friction between the federal and state courts and encroach on the proceedings in the state court actions. In support of this argument, Brand states that litigation and discovery are ongoing in the state court proceedings and that to require the parties to "litigate and defend the same issues in both federal court and state court concurrently is wholly prejudicial and could potentially lead to previous claims that have been raised in state court ultimately being precluded." (*See* Doc. 13, ps. 3-4). Brand once more confuses the parties and issues in this action and those in the state court actions. As stated above, this action does not concern the same parties or the same issues as those in the state court actions. Therefore, a ruling by this Court would neither create friction between federal and state court nor would this action require the parties in the state court actions to "litigate and defend the same issues in both federal court and state court concurrently." A ruling by this Court in this action would simply define the

responsibilities Colony has to defend and indemnify its insured in the state court actions.

    This the 4th day of April, 2008.

                                                            S/ Blake L. Oliver
                                                    Of Counsel for Colony Insurance Company

OF COUNSEL:
Adams, Umbach, Davidson & White
P.O. Box 2069
Opelika, AL 36803
(334) 745- 6466

## CERTIFICATE OF SERVICE

    I do certify that I have this day served a true and correct copy of the above and foregoing to the following by mailing a copy of same, United States mail, postage prepaid at the addresses below:

Derrick Blythe, Esq.
Attorney at Law
126 Marshall Street
Alexander City, AL 35010

Don Harrison, Esq.
125 West Columbus Street
Dadeville, AL 36853

    This the 4th day of April, 2008.

                                                        S/ Blake L. Oliver
                                                  Of Counsel for Colony Insurance Company