IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:07-CV-1044-TFM |
| | ) |
| FLOYD'S PROFESSIONAL TREE | ) |
| SERVICE, DUSTIN A. FLOYD, and | ) |
| JUNE C. BRAND, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION ABSTAIN**

COMES NOW June C. Brand, Defendant in the above-styled cause, and files this Reply to the Plaintiff's Opposition to the Defendant's Motion to Dismiss or in the Alternative Motion to Abstain. As grounds for so moving, the Defendant states the following:

As previously stated in the Defendant's Motion to Dismiss or in the Alternative, Motion to Abstain, the Eleventh Circuit has held that, "...it has long been recognized in this Circuit that a district court has discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties.'" *Ven-Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194, 1195 (11th Cir.1982). In addition, the United States District Court for the Southern District of Alabama has held that the Supreme Court opined that, "...it would be both 'uneconomical' and 'vexatious' for a federal district court to proceed with a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising out of federal law) in state court." *Lexington Ins. Co. v. Rudolph F. Rolison, Sr., et al.,* 434 F. Supp. 2d 1228, at 1233

(S.D. Ala. 2006) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 20 (1942).

The Plaintiff contends that it is not a party to any of the state court actions currently pending in state court regarding the accident made the basis of not only the state court suits, but also this declaratory judgment action in federal court. Further, the Plaintiff contends that the issues in controversy are different in this declaratory judgment action than they are in the state court actions. The Plaintiff maintains that this only issue before this court is that of its duty to defend and indemnify its insured in the state court action. (Plaintiff's Opposition, p. 2). However, the disposition of the instant matter could potentially adversely affect issues pending in the state court action. The Plaintiff's insured is a party to the state court actions, as such, regardless of whether the Plaintiff is a named party in any of the state court actions, their liability is at issue in both.

The state court cases involve the same common nucleus of operative facts, to wit: the Plaintiff's insured liability. Should this court decide that the Plaintiff, as the insurance company of one of the parties to the state court action, does not owe a duty to the same, then the remedies available to the parties in the state court actions become virtually non-existent.

The Plaintiff also argues that a ruling by this court would not be *res judicata* in the state court actions. The Defendant strongly disagrees with this contention. The Plaintiff states that in order for a judgment to be *res judicata* the following must apply: 1) the prior judgment must have been rendered by a court of competent jurisdiction; 2) the judgment must have been rendered on the merits; 3) the cause of action must be identical; and 4) the parties or those in privity with them must be substantially identical." (Plaintiff's Opposition, p. 2, citing *Campbell v. Campbell*, 561 So. 2d 1060, 1061 (Ala.1990)). The Plaintiff states that the third and fourth

elements of the foregoing cannot be satisfied, the Defendant contends that they have in fact been satisfied. First, the parties in the state court actions and in the instant action are the same. The Defendants in the instant action are all parties to the state court actions. The Plaintiff is the insurance company to one of the parties in the state court action whose liability is the dispositive issue in the same. Should the Plaintiff's insured be found to liable in the state court actions, then the Plaintiff will be forced to provide coverage for the same. The instant matter is an attempt of the Plaintiff to defend their responsibility to pay for their insured's potential liability in the state court actions without having to actively do so in state court. Because of the Plaintiff's interest in the state court actions, and because of their potential liability to the same, the parties involved in all pending cases are the same.

Second, the fourth element state "the parties or those *in privity with them* must be substantially the same." In the instant matter, the Plaintiff and Floyd's Professional Tree Service, a party to the state court actions, contracted with each other for the Plaintiff to provide insurance coverage for Floyd's. The nature of the Plaintiff and Floyd's relationship is one of privity, thus satisfying the fourth element. As such, because the only elements for *res judicata* to apply (according to the Plaintiff) are satisfied, a decision in this instant matter by this court would be *res judicata* to the issues pending in the state court actions.

The Plaintiff also contends that this case would not create friction between the federal and courts, and would not encroach on the proceedings in the state court actions. In support of this contention, the Plaintiff again argues that the state court actions do not involve the same parties or issues. As stated above, the instant matter is directly on point to crucial dispositive issues pending in the state court cases, involving the same parties, or those in privity with the

parties. As such, a ruling in the instant matter could create friction between the federal and state courts, and encroach upon the proceedings in the state court actions.

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests that this Honorable Court grant the Motion to Dismiss or in the alternative, abstain from ruling on the above-styled cause.

Respectfully submitted, this __2__ day of ~~April~~ *May*, 2008.

_____
Derrick Blythe
Counsel for the Defendant, June Brand
126 Marshall Street
Alexander City, Alabama 35010

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing to the following by mailing a copy of the same, United States mail, postage prepaid at the addresses below:

Floyd's Professional Tree Service
1776 Elder Road
Dadeville, AL 36853

Dustin A. Floyd
1776 Elder Road
Dadeville, AL 36853

Blake L. Oliver, Esq.
Adams, Umbach, Davidson & White
P.O. Box 2069
Opelika, AL 36803

This the 2 day of May, 2008.

_____
OF COUNSEL