IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-1044-TFM |
| ) | |
| FLOYD'S PROFESSIONAL TREE ) | |
| SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 22-24, filed April 28, 2008) and 28 U.S.C. § 636(c).

Pending before the Court is Defendant June C. Brand's *Motion to Dismiss or in the Alternative Motion to Abstain* (Doc. 13, filed March 20, 2008), *Colony Insurance Co.'s Opposition to June C. Brand's Motion to Dismiss or in the Alternative Motion to Abstain* (Doc. 16, filed April 4, 2008), and *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative Motion Abstain* (Doc. 25, filed May 8, 2008).

### I.  PARTIES

Plaintiff is Colony Insurance Company ("Plaintiff" or "Colony"), a Virginia corporation with its principal place of business in Richmond, Virginia.

Floyd's Professional Tree Service, Inc. is an Alabama corporation with its principal

place of business in Alabama. Defendants Dustin A. Floyd and June C. Brand ("Brand") are both residents of Alabama. Collectively Floyd's Professional Tree Service, Inc. and Dustin A. Floyd shall be referred to as "Floyd." All defendants shall collectively be referred to as "Defendants."

## II. JURISDICTION AND VENUE

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 2201 (Declaratory Judgment Act). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. DECLARATORY JUDGMENT ACTION

Colony filed this action seeking a declaration that it is not contractually required to defend or indemnify its insured, Floyd. On October 19, 2006, Tyler Adam Scott ("Scott") filed a lawsuit in Circuit Court for Tallapoosa County, Alabama against Dustin A. Floyd d/b/a Floyd's Tree Service Inc. Brand and various other fictitious defendants. *See* Doc. 7, Exhibit A. The suit is currently pending in the Circuit Court for Tallapoosa County as Civil Action Number CV-2006-214. *Id.* The complaint seeks to recover damages based on allegations that Floyd or a person under his employment, negligently or wantonly parked a trailer which caused a traffic accident wherein Scott was injured. *Id.* On February 28, 2007, Brand filed a cross-claim against Floyd alleging she was also involved in the accident and asserts against Floyd claims of negligence, wantonness, and indemnity. *See* Doc. 7, Exhibit B. Finally, on June 29, 2007, Tony J. Coker, as parent and next friend of Lauren Coker filed another action in the Circuit Court of Tallapoosa County against Floyd, Brand, and various

other fictitious defendants. *See* Doc. 7, Exhibit C. This suit is currently pending in the Circuit Court for Tallapoosa County as Civil Action Number CV-2007-159.

Subsequent to the filings of the above referenced suits, Floyd requested Colony provide a defense pursuant to general liability policy number GL3418219. Colony told Floyd that it would not defend the lawsuits. Colony admits it has a contractual obligation to insure Floyd, but argues the Aircraft, Auto or Watercraft Exclusion of the policy precludes coverage. Specifically, Colony avers it is not contractually obligated to provide a defense to the underlying state court actions nor is it contractually obligated to indemnify Floyd should Plaintiffs win in the underlying state actions. *See* Doc. 7.

### IV. MOTION TO DISMISS OR STAY THE LITIGATION

On March 20, 2008, Brand filed her motion to dismiss or alternatively stay the litigation pending the outcome of the underlying state action. *See* Doc. 13. In the motion, Brand argues that all proceedings in this case should be dismissed or stayed because the underlying state court case "was filed prior to the [federal declaratory judgment case] and concerns the same issues and parties." *Id.* at p. 3. Brand also avers a ruling in this case would "preclude the state court from being able to properly adjudicate the pending state court action involving the same issues and parties as the instant matter" as it would be barred by *res judicata*. *Id*.

Colony opposes the motion to dismiss and alternative request to stay. Colony first notes it is not a party to any of the state actions. *See* Doc. 16 at p. 1-2. Second, Colony states the state court actions do not concern the same issues and controversy as all of the state court actions concern an automobile accident whereas the instant suit concerns Colony's duty

to defend and indemnify its insured in all the state court actions. *Id*. at p. 2. Brand filed an untimely reply brief on May 8, 2008.[1] *See* Doc. 25. In the reply brief, Brand reiterated her points regarding *res judicata* and said the state court cases involved the same common nucleus of operative facts - that is the insured's liability. *Id*. at p. 2. Brand further asserts a ruling in the federal declaratory judgment action could create friction between the federal and state courts by encroaching upon the proceedings in the state court actions.

### V. ANALYSIS

**A.    Duty to Indemnify**

In cases involving insurance coverage, courts treat the duty to defend and the duty to indemnify as distinct' and analyze them separately. *See Allstate Indem. Co. v. Lewis*, 986 F.Supp. 1341, 1349 (M.D. Ala. 1997). The existence of a duty to defend may be established by the allegations in the underlying state court complaints, but the duty to indemnify cannot be determined at a preliminary stage in the proceedings. Specifically, a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." *Id*. (citations omitted); *accord Ladner & Co., Inc. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100, 104 (Ala. 1977); *Home Ins. Co. v. Rice*, 585 So.2d 859, 861 (Ala. 1991). That is "the duty to indemnify is not ripe for adjudication

---

[1] On April16, 2008 the Court entered an order that all briefs and evidentiary materials would be filed on or before April 25, 2008. *See* Doc. 20. Brand did not file her reply until May 8, 2008 - almost 2 weeks later. Colony filed a motion to strike the reply brief or alternatively permission to file a sur-reply. *See* Doc. 26. The Court denied the motion to strike, but granted the alternative motion to file a sur-reply. *See* Doc. 27. Before the sur-reply deadline, Colony told the Court that it would not file a sur-reply.

until the insured is in fact held liable in the underlying suit." *Id*. (quoting *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995)).

Ripeness is now an issue as this lawsuit has been brought in federal court under the Declaratory Judgment Act.[2] *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510, 1515 (M.D. Ala. 1996). Courts may decline to exercise their discretion under the Declaratory Judgment Act to decide questions about the duty to indemnify when the underlying action is pending. *See Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F.Supp.2d 1205, 1211-12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability."). Until the underlying suit is resolved, the duty to indemnify is an abstract, academic issue which presents "nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Am. Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.*,

---

[2] The Declaratory Judgment Act provides:

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act.

280 F.2d 453, 461 (5th Cir. 1960).³ Further, the Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision." *Auto-Owners Ins. Co. v. Toole*, 947 F.Supp. 1557, 1565 (M.D. Ala. 1996) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937)).

Floyd may still prevail in the underlying suits. If Floyd wins, the indemnification issue is moot and the Court would never reach the issue. To resolve the duty to indemnify before the underlying state cases conclude risks wasting judicial resources. *See Beeline Stores, Inc.*, 945 F.Supp. at 1515. For these reasons, the Court concludes indemnification is not ripe for review and it is appropriate to grant Brand's motion to dismiss with regard to the duty to indemnify.

**B.     Duty to Defend**

In contrast to the duty to indemnify, courts recognize a justiciable controversy exists when the insurance company denies is has an obligation to defend the insured under the policy. *See Am. Fid.*, 280 F.2d at 461. The decision whether an insurance company is obligated to defend must be made at the preliminary stage of the proceedings. *See Auto-Owners Ins. Co. v. Toole*, 947 F.Supp. 1557, 1566 n. 25 (M.D. Ala. 1996) (citations omitted). "An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured." *Ajdarodini v. State Auto Mut. Ins. Co.*, 628 So. 2d 312, 313 (Ala. 1993). Here, controversy exists as to whether Colony is obligated to provide a defense to Floyd under the

---

³     *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

insurance policy - making the duty to defend ripe for review.  Contrary to the position of Defendant Brand, Colony is entitled to a decree stating whether or not Colony must defend Floyd.  Therefore, the motion to dismiss and alternative motion to stay are due to be denied on this claim.

## VI.  CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, the *Motion to Dismiss or in the Alternative Motion to Abstain* (Doc. 13) is **GRANTED in part** and **DENIED in part**.  It is **GRANTED** with respect to the duty to indemnify and Colony's claims related to the duty to indemnify are **DISMISSED without prejudice**.  The motion is otherwise **DENIED**.

DONE this 9th day of July, 2008.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).