IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-1044-TFM |
| | ) | |
| FLOYD'S PROFESSIONAL TREE SERVICE, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## UNIFORM SCHEDULING ORDER

**Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for the discovery and the filing of motions. After due consideration of the *Report of Parties' Planning Meeting* (Doc. 30, filed August 11, 2008), it is **ORDERED** by this Court as follows:

**SECTION 1. TRIAL DATE**: The **bench trial** shall commence on **August 10, 2009 at 10:00 a.m.** in the G.W. Andrews Federal Building & U.S. Courthouse, 701 Avenue A, Opelika, Alabama.

As provided in Fed.R.Civ.P. 16(d), a **final pretrial conference** in this case, is set at **10:00 a.m.,** on **July 10, 2009**, in District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. This conference shall be attended by at least one of the attorneys who will try the case for each of the parties and by any party who is not represented by an attorney. The court will address the matters provided for in Rule 16 (c). All motions which have not been submitted or ruled on will be heard at this time. **The parties are DIRECTED to prepare jointly a proposed pretrial order consistent with the outline available on the court's website.** The plaintiff shall ensure that

the original of the proposed pretrial order is received by the court **July 3, 2009;** the order shall be transmitted in WordPerfect (preferred) or Word format to PropOrd_Moorer@almd.uscourts.gov.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **April 9, 2009**. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court. **The parties are directed to comply with the GUIDELINES FOR DISPOSITIVE MOTIONS attached to this Order.**

**SECTION 3.** On or before **April 30, 2009**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than five business days after this conference (**May 7, 2009**), counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. *Information about mediation is attached to this order.*

**SECTION 4.** Any motions to amend the pleadings and to add parties shall be filed no later than:

> **Plaintiff(s):**   **January 16, 2009**
> **Defendant(s):**   **February 16, 2009**

**SECTION 5.** Any motions for class certification shall be filed on or before **February 16, 2009**. A brief discussing the factors enumerated in Rule 23(a), (b), and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.** The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7.** All discovery shall be completed **on or before May 11, 2009**,[1] except

---

[1] *See* Footnote 2 for explanation pertaining the relationship between discovery cutoff and dispositive motion deadline.

that, as to any witnesses whose names are not revealed with until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witness.

**SECTION 8.**  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**From Plaintiff(s):**         **January 22, 2009**
**From Defendant(s):**        **January 22, 2009**

**SECTION 9.**   No later than **June 22, 2009**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Section 8.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.**   No later than **June 22, 2009**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial.  Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed fourteen (14) days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.  Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

**SECTION 11.**  No later than **June 22, 2009**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial.  <u>Proffering counsel shall have such evidence marked for identification prior to trial</u>.

Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed the evidence shall be deemed genuine and admissible in evidence.  Objections shall be filed fourteen (14) days prior to the trial date, and shall set forth the grounds and legal authorities.  The offering party shall file a written response to the objections no later than seven (7) days prior to trial and shall included a premarked copy of the evidence at issue</u>**.**

**SECTION 12.**  Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the *Report of Parties' Rule 26 Planning Meeting* (Doc. 30, filed August 11, 2008), is adopted and incorporated herein.

**SECTION 13.**  *<u>If a jury trial:</u>*  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 14 days prior to the trial date unless said time is shortened by the court on motion of either party.  Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 14.**  In cases involving jury trials, the term "trial date" as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 15**.  **GENERAL PROVISIONS**

(A)  All briefs on any matter before the court must be formal in format and filed with the court.  The Court does not accept "letter briefs" or "letter reports."

(B)  A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen

and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to propord_moorer@almd.uscourts.gov. For these purposes, the electronic copy should be in WordPerfect (preferred) or Word format and not in Adobe Acrobat PDF format.

(D) If any party has an objection to these deadlines, the party should inform the Court within **fourteen (14) days** from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE this 11th day of August, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

**PROGRAM OF VOLUNTARY MEDIATION**

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial.  The court stresses that <u>mediation is completely voluntary and confidential</u>.  The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation.  Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury.  Successful mediation saves the substantial time and expense involved with a trial.  Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case.  The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position.  After this meeting the mediator will meet with each side individually for a full discussion of that side's case.  Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement.  Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case.  Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that counsel for the parties shall personally meet and attempt to reach settlement of the case.  If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference.  However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer.  Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required.  <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.

> UNITED STATES DISTRICT COURT  for the  MIDDLE DISTRICT OF ALABAMA
>
> ■ ■ ■
>
> **TERRY F. MOORER**
> **UNITED STATES MAGISTRATE JUDGE**

## <u>GUIDELINES</u> <u>FOR</u> <u>DISPOSITIVE MOTIONS</u>

1. **Deadlines in Scheduling Order**

The Uniform Scheduling Order adopted for the Middle District of Alabama includes the following provision:

> Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **NINETY (90) DAYS** prior to the pretrial hearing.  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the court.

<u>All dispositive motions must be filed on or before that deadline set in the scheduling order</u>.  Absent a showing of good cause, the deadline will not be extended.  Upon consideration of the parties' discovery plan filed pursuant to Rule 26(f), Federal Rules of Civil Procedure, the Scheduling Order will provide ample time for discovery; thus, the court generally does not consider as "good cause" for extending the dispositive motion deadline either *failure to conduct needed discovery* [2] or counsels' *busy schedules*.

---

[2] The Rule 16 Scheduling Order does establish a dispositive motion deadline *before* the end of the period allowed for discovery for the following reason published in the *"Frequently Asked Questions"* section of this court's website
> Litigants before the Court are entitled to careful consideration of the issues by the Court. In order to give non-movants a reasonable time to respond and movants time to reply, final submission is approximately a month after the dispositive motion is filed. The Court must have sufficient time to fully and properly consider issues raised on a motion for summary judgment. The deadlines established in the Court's scheduling order insure achievement of these purposes. The judges try to resolve summary judgment motions in advance of pretrial hearings. Neither

**2.    Briefing Schedules and Oral Arguments**

Unless warranted otherwise by a specific case, supporting and opposing briefs and evidentiary submissions will be submitted as follows:

- Moving party:      simultaneously with the motion;
- Opposing party:    not later than 21 days thereafter;
- Movant's reply:[3]   not later than 5 business days thereafter

Oral argument will not be scheduled absent a party's request – to be filed not later than the deadline for the movant's reply – or the court's determination that argument is necessary or may be helpful.

**3.    Content and format for Briefs and Evidentiary Submissions**

*a. Disputed and Undisputed Facts*

Briefs must contain a statement of facts which includes specific references to the record. To facilitate the court's necessary determination of whether there exists a genuine issue of material facts, the factual statement should distinguish – to the extent possible – disputed facts and undisputed facts, and the parties are encouraged to confer for any consensus possible on the uncontested material facts.

---

moving the summary judgment deadline to the cutoff of discovery nor cutting off discovery at the earlier summary judgment deadline would be appropriate. Any attorney viewing a case as one appropriate for summary judgment should schedule discovery to allow the deadline to be met.

Setting the dispositive motion deadline prior to the end of discovery also recognizes the realities of litigation. Often factual issues which should be developed for trial are not necessary for resolution of summary judgment issues. If summary judgment is denied, a discovery cut-off after the time for filing dispositive motions allows discovery to proceed without the necessity of a motion to reopen discovery. The court encourages lawyers to conduct discovery in a manner consistent with "just, speedy and inexpensive" procedures. *See* Fed. R. Civ. P. 1.

[3] The movant may not include in the reply brief any new evidentiary material without prior leave of court.

   *b. Evidentiary Appendix*

The evidence upon which the parties rely shall be organized in an indexed appendix which should also include the relevant text of any statutory or regulatory authority cited. Any discussion of evidence in a brief must include the specific reference (by page and line) to the deposition or other evidence included in the appendix or to a pertinent court order, pleading, or other filing.

DONE this 11th day of August, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE